UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

FLORIDA B. DOUCET                     CIVIL ACTION NO. 04-1231-A

-vs-                                  JUDGE DRELL

CITY OF BUNKIE, *et al.*              MAGISTRATE JUDGE KIRK

RULING ON MOTIONS TO DISMISS

Before the Court are the "Motion to Dismiss Pursuant to FRCP 12(b)(6)" filed by the Bunkie City Police Department (Document No. 11) and the "Motion to Dismiss for Failure to State Claim Pursuant to Federal Rules of Civil Procedure 12(b)(6)" filed by the City of Bunkie (Document No. 22). Opposition memoranda have been filed, and the Court finds no need for oral argument. For the reasons set forth below, both motions are GRANTED.

Motion to Dismiss Bunkie City Police Department (Document No. 11)

Defendant seeks dismissal on the ground that the "Bunkie City Police Department" is not an entity capable of being sued. Although plaintiff's "Memorandum in Opposition to Defendants' Motion to Dismiss"(Document No. 18) is indexed as providing arguments against the instant motion, a review of that memorandum provides no substantive basis for rejecting the motion.

A district court should not dismiss a complaint under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000), quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations . . . ." *See* Collins, 224 F.3d at 498, quoting Tuchman v. DSC Communications Corp., 14 F.3d 1961, 1967 (5th Cir. 1994).

The capacity of an individual to sue or be sued is determined by the law of the person's domicile or by the law of the state in which the district court is situated. Fed. R. Civ. P. 17(b). Therefore, the Court will look to Louisiana law in this case to determine the status of the Bunkie City Police Department. Louisiana Civil Code article 24 provides, in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." The determination regarding whether a particular governmental entity, such as the Bunkie City Police Department, is a juridical person capable of being sued "is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue." Roberts v. Sewerage and Water Board of New Orleans, 92-2048 (La. 3/21/94), 634 So.2d 341, 346-347.

> In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

Id.

The particular issue of whether the Police Department in a Lawrason Act municipality, such as Bunkie, is a juridical entity capable of being sued under the reasoning of the Roberts court has been addressed and resolved by the Louisiana Third Circuit Court of Appeal. In Dugas v. City of Breaux Bridge Police Department, 99-1320 (La. App. 3d Cir. 2/2/00), 757 So.2d 741, writ denied, 2000-0671 (La. 4/20/00), 760 So.2d 1159, the court explained that, under the Lawrason Act (La. R.S. 33:321, et seq.), the mayor of the municipality is the chief executive officer and legislative powers are vested in the board of aldermen. "Although by law the chief of police has plenary power with regard to law enforcement within the municipality and in the operation of his department, the Police Department is dependent on [the municipality] in other respects," including budget appropriations and control of personnel. Id. at 743-744. Therefore, the Dugas court concluded the Police Department "does not have the legal capacity to be a . . . party to litigation." Id. at 744.

Applying this reasoning to the facts at issue, this Court finds the Bunkie City Police Department is not a juridical entity amenable to suit. Accordingly the Motion to Dismiss (Document No. 11) is GRANTED.

Motion to Dismiss "John Doe" (Document No. 22)

A previous motion purporting to be filed by John Doe (himself) was denied by this Court, because it is impossible for a nonexistent party to appear in a judicial proceeding and plead for anything at all. (Document No. 21.) Now, more

appropriately, the City of Bunkie, clearly a juridical person, asks for the same relief. Strangely, plaintiff has responded by asking the Court to apply its earlier ruling to the present motion.

A paucity of additional comment is necessary to grant this motion. We are aware of the rulings on similar motions by our colleague, Judge F. A. Little, Jr., in <u>Clayton v. City of Bunkie</u>, 04-1401, Document 21 (W.D. La. 1/25/05) and <u>Walker v. City of Bunkie</u>, 04-1402, Document 24 (W.D. La. 1/25/05). We agree entirely with Judge Little's analysis and law regarding the naming of fictitious defendants. To the extent necessary herein, we adopt that reasoning. Here, as there, the "John Doe" defendant must be dismissed.

Accordingly, the Motion to Dismiss filed by the City of Bunkie (Document No. 22) is GRANTED. We make no comment on the issue of prescription as to possible defendants named in the future, because that issue is not before us on the current motion and the deadline for adding parties has passed. (Document No. 31.)

SIGNED on this 28th day of September, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge