UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| FLORIDA B. DOUCET | CIVIL ACTION NO. 04-1231-A |
|---|---|
| -vs- | JUDGE DRELL |
| CITY OF BUNKIE, et al. | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the Court is a Motion for Partial Summary Judgment filed by Defendants the City of Bunkie, Chief Mary Fanara, and Officer Reggie Sanders. (Doc. 32). Defendants petition the Court to dismiss claims against Chief Fanara and Officer Sanders, which are brought against them in their individual capacities. Plaintiff Florida B. Doucet opposes the Motion. (Doc. 35). After reviewing the pleadings and the applicable law, Defendant's Motion is DENIED.

Defendants claim Chief Fanara and Officer Sanders are entitled to partial summary judgment because they think Ms. Doucet failed to address why Chief Fanara and Officer Sanders are not entitled to qualified immunity in her "Reply Pursuant to Fed. R. Civ. Pro. 7, Addressing Qualified Immunity." (Doc. 32). They claim, therefore, that she effectively abandoned any individual capacity claims against these defendants. We do not agree.

In her Complaint, Ms. Doucet sued Chief Fanara and Officer Sanders in their "professional, official, and individual capacities." (Doc. 1). Subsequently, in response to Defendants' request and pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, Plaintiff filed a reply brief addressing why the individual defendants were not entitled to qualified immunity. All parties agree that Chief Fanara and Officer Sanders are not entitled to qualified immunity in their official capacities. (Doc. 32 and Doc. 32, Exh. B).

However, for Defendants to conclude that "plaintiff has admitted [in her reply brief] that the individual defendants are not being sued in their individual capacities," Defendants must have stopped reading Plaintiff's reply brief after the second paragraph. In the subsequent paragraphs, Plaintiff explains why qualified immunity is not appropriate in the suits brought against the officers in their individual capacities. We suggest that Defendants re-read paragraphs numbered 2 through 12. In those paragraphs, Plaintiff discusses how a court determines whether a defendant is entitled to qualified immunity when he is sued in his individual capacity. Even though the term "individual capacity" is never used, it is clear to the Court that Plaintiff is explaining why Defendants are not entitled to qualified immunity in their individual capacities. We cannot honestly read the pleading in the manner that Defendants request.

Because Plaintiff's reply brief explains why she does not think Chief Fanara and Officer Sanders are entitled to qualified immunity in their official or individual

capacities, Defendants' Motion for Partial Summary Judgment, asserting that Plaintiff did not address qualified immunity for suits against Defendants in their individual capacities, must be denied.

SIGNED on this 14th day of December, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge