
RECEIVED
IN ALEXANDRIA, LA
DEC 12 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FLORIDA B. DOUCET | CIVIL ACTION 04-1231 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| CITY OF BUNKIE, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff, Doucet's, motion for attorney fees and costs [**Doc. #71 and, as amended, doc. #75**] under 42 U.S.C. §1988, referred to me by the district judge for Report and Recommendation. Plaintiff seeks payment of attorney fees as the "prevailing party". Plaintiff filed this lawsuit pursuant to 42 USC §1983 on June 4, 2004 against the City of Bunkie and certain police officers alleging that she was illegally arrested, imprisoned, defamed and sprayed with mace as a result of an arrest on June 7, 2003. Plaintiff's claims were made pursuant to state and federal law.

Defendant, Bunkie City Police Department, filed a motion to dismiss which was granted because it is not a juridical entity capable of being sued. The fictitious defendants were also dismissed. Later, the court, on motion for summary judgment, dismissed all claims against all remaining defendants except the claim of use of excessive force. The sole remaining claim went to trial before the judge alone and judgment was rendered in plaintiff's favor. The court found

1

that the police officer had used excessive force by "macing" plaintiff while she was handcuffed and awarded general damages in the amount of $6,000 and medicals in the amount of $150. Defendant filed an appeal which is pending. This motion by plaintiff for attorney fees followed.

Jurisdiction

Because the issues presented in this motion do not involve matters which are the subject of the pending appeal of this case to the Fifth Circuit, this court has jurisdiction to decide this motion. Griggs v. Provident Cons. Disc. Co., 103 S. Ct 400 (1982).

Analysis

Section 1988 provides in pertinent part that "[i]n any action or proceeding to enforce a provision of . . . (Section 1983) the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ."

Attorney fees in a civil rights case should ordinarily be awarded to a successful plaintiff. Christianburg Garment Co. v. EEOC, 98 S. Ct. 694 (1978).

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney fees. Green v. Administrators fo the Tulane Educ. Fund., 284 F.3d 642, 661 (5th Cir. 2002). A fee determination involves:

    a) determining whether plaintiff is the prevailing party,

    b) determining the lodestar (hours times rate), and

    c) determining whether to adjust the lodestar.

Hensley v. Eckerhart, 103 S. Ct. 1933, 1940 (1983).

Prevailing Party

A party may be considered a prevailing party if he "succeeds on any significant issue in

2

the litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, at 1939. In this case, plaintiff is the prevailing party, having succeeded on the excessive force claim, which I find was a significant issue in the case achieving some of the benefit plaintiff sought by filing suit.

The lodestar amount

This court described the lodestar calculation in Butler v. Rapides Foundation, 365 F.Supp.2d 787 (W.D. La. 2005). A "lodestar" figure is simply the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir.1993). The court then determines whether the "lodestar" figure should be adjusted upward or downward depending on the twelve Johnson[1] factors. Migis v. Pearle Vision, Inc., 135 F.3d 1041 at 1047 (5th Cir. 1998).

A. Hourly rate

Plaintiff's attorney asks for hourly rates for the attorneys of $200 per hour and for a paralegal of $50 per hour and for a legal secretary (performing paralegal work) of $35. Defendant suggests that plaintiff has not provided support for the requested rates. I have recently recommended approval of hourly rates in civil rights and employment discrimination cases in this court of $95 per hour (that was all that the attorney requested), of $250 per hour (attorney holds an L.L.M.. in labor law and specializes in employment law), of $175 per hour, of $115 per hour and o $80 per hour (again, all that the attorneys asked for) in this district. The hourly rate of $200 sought here is well within the norm for an attorney practicing in this district and community with 16 years experience and should be approved. However, I find a reasonable rate

---

[1] Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th C. 1974).

for the associate attorney with 8 years experience who assisted on the case to be $100 per hour.

B. Reasonableness of hours

Plaintiff does not contest defendant's detailed statement of billable hours. Further, I find the hours necessarily spent on this case to have been quite reasonable.

C. The Result

| | |
|---|---|
| Mr. Luneau | 67.2 hours x $200 per hour = $ 13,440.00 |
| Associate attorney | 29.0 hours x $100 per hour = $ 2,900.00 |
| Paralegal | 1.7 hours x $ 50 per hour = $ 85.00 |
| Secretary | 16.1 hours x $ 35 per hour = $ 563.50 |
| | TOTAL $ 16,988.50 |

D. Adjustment of the lodestar

There is a strong presumption that the lodestar is the reasonable fee. Walker v. U. S., 99 F.3d 761 (5th C. 1996).

The twelve Johnson factors courts consider in determining whether the "lodestar" figure should be adjusted upward or downward are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent[2]; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11)

---

[2] The Supreme Court has barred use of this factor. Shipes v. Trinity Inds., 987 F.2d 311 (5th C. 1993) (Shipes II).

4

the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Fifth Circuit has singled out four of the factors as most important: (1) the time and labor involved; (2) the customary fee; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of counsel. See Migis, 135 F.3d at 1047. The Supreme Court has held that "the most critical factor" for a fee award in a civil rights case "is the degree of success obtained." Id. (citing Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) and Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In addition, enhancements based on the second, third, eighth, and ninth factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the court. Walker v. U. S. Dept. of Housing and Urban Dev., 99 F.3d 761, 771-2 (5th Cir. 1996).

Three of the factors which the Fifth Circuit finds most important--time and labor involved, customary fees, and experience of counsel-- have all been subsumed in the discussion above. However, defendant does assert that the entire fee sought should not be awarded due to plaintiff's limited success in the case. Specifically, defendant argues that, of all the state and federal claims alleged in the complaint, only one–the excessive force claim–survived to trial.

i. Adjustment based on limited success

Although only one claim was successful, all of the claims arose out of a single incident–an arrest, macing and jailing of the plaintiff. Some of the claims, such as battery and excessive force, were simply different theories of recovery for the very same acts. Some were simply different legal theories for recovery on account of that single incident–for example her 4th, 6th and 14th Amendment claims. None would have altered in any significant way the work

needed to be performed by the plaintiff's attorney on the case, with the possible exception of legal research. Similarly, the state law claims would not have added, in any measurable way, to the work to be performed on the case–especially since the judge ruled that no evidence had been submitted in support of two of the claims.

Despite all but one legal theory or claim having been rejected, plaintiff enjoyed significant success in the suit in winning what was, perhaps, the most important claim, the excessive force claim. While it is impossible to identify any hours which are attributable to the failed claims, and defendant's attorney has not identified any, the court should reduce the award somewhat on account of plaintiff's limited success. Hensley, supra; Popham v. City of Kennesaw, 820 F.2d 1570, 1581 (11th C. 1987). A 10% reduction is appropriate.

ii. Other Johnson Factors

Although plaintiff's counsel argues that the undesirability of the case, and the fact that attorneys should be encouraged, through fee awards to represent plaintiffs who might otherwise not have representation. Nevertheless, I do not find that those considerations in this case justify increasing the award to plaintiff. In addition, there has been no showing by defendant that any of the other Johnson factors should be applied so as to further reduce or increase the lodestar in this case.

Costs

Defendant's only objection to plaintiff's bill for costs is with regard to the expert witness charges of Dr. Grafton. Defendant argues that his testimony was unnecessary, not helpful to the court and that his invoice is not sufficiently itemized. While the bill is on the high side for an expert witness, and is not itemized, I find that the total charges are within the range of expert

witness charges generally. I also find it important that the district judge specifically considered Grafton's testimony in his reasons for judgment.

I also reject the district court holdings in other jurisdictions that the expert should charge only one-half of his hourly rate for travel. Here there is no evidence whether Dr. Grafton has set his hourly rates based on whether or not he expects to be paid at the full rate or not. However, Dr. Grafton's traveling on this case likely precluded him from work on another case for which he presumably would have charged his normal hourly rate. The Fifth Circuit has recently addressed this issue in the context of attorney fees in a bankruptcy case and has reviewed the jurisprudence and found no consensus in the courts. It concluded, with regard to attorney fees, that whether to reduce the award for travel time is within the court's discretion. In re Babcock & Wilcox Co. 526 F.3d 824 (5th C. 2008). Considering the small charge for travel set forth in the invoice the issue is insignificant in this case and I find that, because of Dr. Grafton's lost opportunity costs, the full charges for travel time should be allowed.

The charges in the amount of $868.92 for electronic legal research should not be allowed. Most attorneys now utilize an electronic database for legal research for which they usually are charged by the time used. For the most part, this has taken the place of law books and the overhead expense of keeping a complete law library. Because these charges replace an item that has traditionally been considered to be an overhead expense item they should themselves be considered overhead and not properly includable in the bill.

## Conclusion

Therefore, IT IS RECOMMENDED THAT plaintiff be awarded the sum of $15,289.65 [3]

---

[3] $16,988.50, less 10%.

as attorney fees, and $7,081.37 as costs.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 11th day of December, 2008.