U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 1 5 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| FLORIDA B. DOUCET | CIVIL ACTION NO. 04-1231 |
|---|---|
| -vs- | JUDGE DRELL |
| CITY OF BUNKIE, ET AL. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the court is the magistrate judge's report and recommendation (Doc. 87) on the issue of Plaintiff's motion for attorney fees and costs (Doc. 71, as amended at Doc. 75). The magistrate judge recommends a ten percent (10%) downward adjustment of the lodestar amount because of Plaintiff's partial success. Following objections filed by Defendant City of Bunkie ("City"), we now adopt much of the reasoning of the magistrate judge's report and recommendation but conclude that a downward adjustment to the lodestar of thirty-five percent (35%) is more appropriate.

In the litigation of this matter, the Court granted the City's motion for summary judgment as to all but the issue of excessive force (Doc. 57) and found in Plaintiff's favor on that single issue after a bench trial, awarding her damages in the amount of $6,000.00 and hospital costs of $150.00. (Doc. 70.) The Fifth Circuit provides the standard for assessing attorney fees where a prevailing party meets with only limited success:

> Under *Hensley*'s standard for partial success (a different standard than the "special circumstances" that occasionally allow a defendant to avoid attorneys' fees altogether), a court may award reduced fees to plaintiffs that are prevailing parties but have lost on some claims. The court may use its "equitable discretion" to "arrive at a reasonable fee award, either

by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff."

*Pruett v. Harris County Bail Bond Bd.*, 499 F.3d 403, 418 (5th Cir. 2007) (footnotes omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)). The excessive force claim upon which Plaintiff prevailed was based on an officer's use of his chemical weapon on her after arresting and handcuffing her for disturbing the peace. We find that Plaintiff realized only limited success in her litigation. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. We find that a reduction in fees is reasonable where a number of claims were advanced that were either not reasonably related to the excessive use of force incident[1] or were wholly unsupported by evidence. Still, as some of the unsuccessful claims[2] are reasonably related to the events immediately proximate to the use of excessive force, an award of attorney fees for their prosecution, however unsuccessful, is appropriate. In this regard we are in agreement

---

[1] We do not agree with the magistrate judge's report and recommendation insofar as it characterizes the arrest, macing, and jailing as a single incident for purposes of litigation.

[2] In addition to this claim—the only to survive summary judgment—Plaintiff had asserted (parentheses indicate grounds for dismissal of each claim): **(1)** a § 1983 claim that Officer Reggie Sanders lacked probable cause under the Fourth Amendment to arrest Plaintiff (claim barred by Plaintiff's conviction on underlying matter of disturbing the peace); **(2)** a § 1983 claim that she was not informed of the charges against her as per the Sixth Amendment (claim not supported by any evidence); **(3)** a § 1983 claim that Sanders deprived her of her Fourteenth Amendment procedural due process rights (claim not supported by any evidence); **(4)** a § 1983 claim that the City deprived Plaintiff, who is black, of her Fourteenth Amendment rights under the Equal Protection Clause (claim not supported by any evidence); **(5)** a state-law false arrest claim because of Sanders' lack of probable cause (claim barred by Plaintiff's conviction on underlying matter of disturbing the peace); **(6)** a state-law defamation *per se* claim (claim not supported by any evidence); and **(7)** a state-law claim of severe public humiliation (claim not supported by any evidence). Plaintiff's original complaint (Doc. 1) alleged that she was strip searched at the jail, but this claim was not supported factually and not advanced in the litigation.

2

with and adopt the magistrate judge's reasoning; however, we find that a 35% reduction of the lodestar is more reasonable in relation to the limited success obtained. *See id.* (holding that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained").

The magistrate judge correctly reasoned the lodestar amount of attorney fees in this case to be $16,988.50. For the foregoing reasons, the lodestar amount will be reduced by 35% and Plaintiff will be awarded fees in the amount of $11,042.53. The magistrate judge also correctly awarded Plaintiff costs in the amount of $7,081.37 and denied Plaintiff's requested charges for electronic legal research.

For the reasons contained in the magistrate judge's report and recommendation previously filed herein and those assigned above; after an independent review of the entire record, including the written objections; and concurring with the magistrate judge's reasoning under the applicable law:

IT IS ORDERED that Plaintiff be awarded attorney fees in the amount of $11,042.53 and costs in the amount of $7,081.37.

SIGNED on this 15 day of January, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE